

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-20-2007

# Patel v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2884

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Patel v. Atty Gen USA" (2007). *2007 Decisions.* Paper 26.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/26

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-2884

_____

MUKESHKUMAR R. PATEL,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(BIA No.A73-162-623)
Immigration Judge: Honorable Alberto J. Riefkohl

_____

Submitted Under Third Circuit LAR 34.1(a)
December 13, 2007

Before: RENDELL, GREENBERG and VAN ANTWERPEN, Circuit Judges.

(Filed: December 20, 2007)

_____

OPINION OF THE COURT

_____

RENDELL, *Circuit Judge*.

Mukesh Kumar Patel,[1] his wife Hemlata Patel, and their children Dharmesh and Kavish — all natives of India — petition for review of the order of the Board of Immigration Appeals ("BIA") denying their motion to reopen their immigration case. We have jurisdiction pursuant to 8 U.S.C. § 1252. Since the BIA applied the wrong standard in assessing the Patels' motion to reopen, we will grant the Patels' petition for review, vacate the BIA's order, and remand to the BIA for a re-evaluation of the motion to reopen using the proper standard.

The Patels seek asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") based on their fear of persecution and torture in India by the Hindu extremist group, the Rastriya Sevak Sangh ("RSS"). The Patels are Hindus but claim that RSS members beat and threatened Mr. Patel and other family members because Mr. Patel helped protect Muslims from the RSS. The Immigration Judge ("IJ") denied the Patels relief because he did not find Mr. Patel to be credible due to inconsistencies between his written statements and testimony. The BIA adopted the pertinent parts of the IJ's findings.

The Patels filed an untimely motion to dismiss based on new evidence that was unavailable beforehand. *See* 8 C.F.R. § 1003.2(c)(2), (3)(ii). Specifically, they submitted

---

[1] Although Mr. Patel's name is spelled "Mukeshkumar" by the BIA and on our docket, the Patels spell it "Mukesh Kumar" in their brief.

affidavits indicating that, in the time since the BIA issued its final order, RSS members had twice gone to the home of Ms. Patel's father, where they demanded money, vandalized the property, threatened him, and said they would physically harm Mr. Patel when he returned to India.

The BIA accepted the untimely motion due to the new evidence on which it was based and appears to have found that evidence credible. However, it rejected the motion on the merits, finding that the Patels "failed to establish that reopening is warranted" because the evidence they submitted "does not establish that [they] could not relocate to a different locality in India, where the RSS is not aware of [Mr. Patel's] previous activities." (A.R. Supp. 2.) Mr. Patel testified before the IJ that relocation within India would be a "big problem" because he did not know any of the languages spoken in India's other provinces. (A.R. 100.) Furthermore, the Patels submitted evidence to suggest that the RSS was affiliated with the then-ruling Bharatiya Janata Party ("BJP") and was active throughout India. The Patels now claim that the BIA failed to address this evidence and thus erred in finding that they "failed to sustain their burden to show that they would not be free from persecution elsewhere in India." (Petr.'s Br. at 3-4.)

We review the BIA's denial of a motion to reopen for abuse of discretion, which means that we will not disturb it unless it is "arbitrary, irrational, or contrary to law." *Guo v. Ashcroft*, 386 F.3d 556, 562 (3d Cir. 2004). We have made clear that the grant of a petition for review is warranted when the BIA holds an applicant to an "excessively

3

rigorous standard" in its evaluation of a motion to reopen. *Id.* at 563-64.

To succeed on a motion to reopen, an applicant must establish prima facie eligibility for the relief he seeks. *Id.* at 563. To establish prima facie eligibility, the applicant must produce objective evidence demonstrating that there is a "reasonable likelihood" that he can establish that he is entitled to relief. *Id.* As we explained in *Guo*, "[a] 'reasonable likelihood' means merely showing a realistic chance that the petitioner can at a later time establish that [relief] should be granted." *Id.* at 564.

In effectively requiring the Patels to "establish" that they could not relocate elsewhere in India, the BIA applied a more rigorous standard than it should have for the evaluation of a motion to reopen.[2] An applicant for asylum or withholding of removal who has not established past persecution "bear[s] the burden of establishing that it would not be reasonable for him or her to relocate, unless the persecution is by a government or is government-sponsored." 8 C.F.R. §§ 208.13(b)(3)(i), 208.16(b)(3)(i). Therefore, in the context of a motion to reopen, an applicant claiming fear of persecution that is not by a government or government-sponsored must show a *reasonable likelihood* that he or she would be able to establish at a later time that relocation within the country would be unreasonable. At the motion-to-reopen stage, an applicant need not actually establish that such relocation is impossible or unreasonable, but the BIA required the Patels to do so in

_____

[2] The Patels do not directly challenge the standard that the BIA employed but, in order to rule on their argument that the BIA erred in the conclusion that it reached regarding their ability to relocate within India, we need to determine exactly what the Patels had the burden to demonstrate at the motion-to-reopen stage.

4

this case.

If the persecution that an applicant for asylum or withholding of removal fears is either by the government or is government-sponsored, the applicant does not have the burden to show that relocation would be unreasonable. Rather, relocation is presumed to be unreasonable and it is the government's burden to show that it would be reasonable. 8 C.F.R. §§ 208.13(b)(3)(ii), 208.16(b)(3)(ii). The Patels seem to assert that the RSS is sufficiently intertwined with the government for persecution by the RSS to constitute government or government-sponsored persecution. They point to the February 23, 2001 State Department Country Report's description of the ties between the RSS and the BJP, "a Hindu nationalist political party with links to Hindu extremist groups." (A.R. 187.) The Report explains: "Many BJP leaders and party workers are members of [the RSS] and share some of its ideology. However, the BJP is an independent political party and the degree of RSS influence over its policy making is not clear. . . . Most BJP leaders also are RSS members." *Id.* The BIA, however, never explicitly indicated whether persecution by the RSS qualifies as government or government-sponsored persecution — even though the answer to this question bears directly on whether the Patels had the burden to demonstrate anything regarding the unreasonableness of relocation in their motion to reopen. If relocation factors into the BIA's decision on remand, it should clearly address this question.

There is also no need to establish that internal relocation is impossible or

5

unreasonable in order to make out a prima facie case for relief under the CAT. In ruling on an application for CAT relief, the BIA must consider "[e]vidence that the applicant could relocate to a part of the country of removal where he or she is not likely to be tortured" — along with considering any other "evidence relevant to the possibility of future torture." 8 C.F.R. § 208.16(c)(3). Therefore, at most, the Patels should have been required to show in their motion to reopen that they were reasonably likely to be able to establish at a later time that there is no place they can relocate in India where they are unlikely to be tortured.

Since the BIA held the Patels to a more rigorous standard than it should have regarding all three forms of relief that they seek, we will grant the petition for review, vacate the BIA's order, and remand the case to the BIA for a re-evaluation of the motion to reopen using the proper standard.